UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE L. CORONA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT CRABTREE, et al.,<br><br>    Defendants. | CASE NO. 1:13-cv-01581-LJO-MJS<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

## SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Jorge L. Corona, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 1, 2013. (ECF No. 1.) His complaint is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

1

such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III.   SUMMARY OF COMPLAINT

The Complaint identifies the following Defendants: (1) Robert Crabtree, Engineering Supervisor, Avenal State Prison (Avenal); (2) Ray Knight, Engineering Supervisor, Avenal; (3) Mark Shandor, Chief Engineer 1, Avenal; (4) M. Boparai, M.D., Avenal; (5) Robert Chapnick, M.D., Avenal; and (6) L.D. Zamora, Chief, California Correctional Health Care Services.

Plaintiff alleges the following:

On March 5, 2012 Plaintiff was working under the supervision of Defendant Crabtree repairing a leak in a hot water line.  Defendant Crabtree instructed Plaintiff to inspect the leak.  Defendant Crabtree, "who knew or should have known of the impending danger, failed to turn off the valves once the leak was detected . . . ." (Compl. at 10.)  Plaintiff began walking away from the leak area to retrieve a pump when the ground collapsed and he sank into an underground pool of scalding water.  The water filled Plaintiff's rubber boots and caused third degree burns.  Plaintiff removed himself from the pool.  Defendant Crabtree offered no assistance.  (Id. at 10.)

Plaintiff was immediately taken to a local hospital where he received skin grafts.  Plaintiff's legs are scarred from his knees down and he requires a cane to walk.  He suffers pain, hot flash sensations, numbness, swelling, and limited circulation in his legs.

During rehabilitation, Plaintiff requested and was denied access to a burn specialist to aid in his recovery. (Id. at 12, 13.) Plaintiff appealed the denial of a referral to a burn specialist. The first level response, signed by Defendant Boparai, reported that Plaintiff had been examined by a Nurse Practitioner who was satisfied with the progress of Plaintiff's injury and who had concluded that a burn specialist was not necessary. Defendant Boparai denied Plaintiff's appeal on the basis of this medical opinion. (Id. at 22, 23.) Defendant Chapnick reviewed Plaintiff's appeal at the second level and affirmed Defendant Boparai's response. Plaintiff was examined a second time and again it was determined that a burn specialist was not warranted. (Id. at 20, 21.) Plaintiff's appeal was denied at the third level by Defendant Zamora based on the previous medical examinations. (Id. at 17-19.)

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

**B.    Eighth Amendment**

      1.    Failure to Protect

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847.

Plaintiff alleges that Defendant Crabtree failed to turn off the water before instructing Plaintiff to enter the work area. Defendant Crabtree "knew or should have known of the impending danger . . ." caused by leaving the water on. The Complaint asserts that Defendant Crabtree exhibited deliberate indifference to the risk of harm in violation of Plaintiff's Eighth Amendment rights. However, the Complaint offers no factual allegations to support a claim that Defendant was actually aware that the running hot water posed a risk of harm to Plaintiff. "Deliberate indifference is a high legal

4

standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has failed to state facts showing actual knowledge on the part of Defendant Crabtree and hence has failed to state an Eighth Amendment claim against him. The Court will grant leave to amend. To state a claim, Plaintiff must allege facts showing that Defendant Crabtree was aware when he directed Plaintiff to the work area that the water posed a substantial risk of harm to Plaintiff.

The Complaint also fails to state a claim against Defendants Knight and Shandor. The Defendants are identified as supervisors to Plaintiff's work detail; however, Plaintiff does not describe how they participated in the violations alleged. Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The mere fact that a defendant may have supervised the individuals responsible for a violation is not enough. Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff will also be granted leave to amend his claims against Defendants Knight and Shandor. To state a claim under § 1983, Plaintiff "must set forth specific facts as to each individual defendant's deliberate indifference." See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

    2.  Inadequate Medical Care

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with

deliberate indifference to an inmate's serious medical needs.  <u>Snow v. McDaniel</u>, 681 F.3d 978, 985 (9th Cir. 2012); <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012); <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  <u>Wilhelm</u>, 680 F.3d at 1122 (<u>citing</u> <u>Jett</u>, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  <u>Wilhelm</u>, 680 F.3d at 1122 (<u>citing</u> <u>Jett</u>, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  <u>Snow</u>, 681 F.3d at 985 (citation and quotation marks omitted); <u>Wilhelm</u>, 680 F.3d at 1122.

Plaintiff alleges that he suffered third degree burns on his legs and, after a skin graft and various treatments, persistent debilitating symptoms.  This adequately alleges a serious medical need and thus satisfies the first element of Plaintiff's Eighth Amendment medical treatment claim.  <u>See</u> <u>Doty v. County of Lassen</u>, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

The Complaint alleges that Plaintiff repeatedly requested and was denied access to a burn specialist.  Plaintiff appealed the decision and his request to see a specialist was denied again in three successive administrative reviews conducted by Defendants Boparai, Chapnick, and Zamora, respectively.  Each Defendant noted that medical staff had examined Plaintiff and concluded that a referral to see a burn specialist was not medically necessary.

Plaintiff's belief that he needed and needs to see a burn specialist is not sufficient to state an inadequate medical care claim.  "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is

appropriate does not amount to deliberate indifference." Snow, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). Plaintiff fails to allege facts demonstrating why being denied a referral to a burn specialist was medically unacceptable. According to the administrative appeal responses signed by the Defendants, Plaintiff's injuries were healing well. (Compl. at 22.)

The Court will grant Plaintiff leave to amend his medical care claims. To state a claim, Plaintiff must allege facts showing that Defendants Boparai, Chapnick, and/or Zamora affirmed the decisions of medical personnel with knowledge that the course of treatment was medically unacceptable under the circumstances. Snow, 681 F.3d at 988. Plaintiff's belief that he requires a specialist's treatment, without more, is not sufficient to state a claim.

### C. State Law Claims

Plaintiff alleges California state law causes of action. The Court will not address the viability of Plaintiff's state law claims at this time because it will not exercise supplemental jurisdiction over state law claims unless Plaintiff is able to state a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

Moreover, if Plaintiff were to pursue his state law claims, he must clearly identify each claim and demonstrate compliance with the California Tort Claims Act. Under the California Tort Claims Act (CTCA), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils.

Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues.  Cal. Gov't Code § 911.4.  The purpose of CTCA's presentation requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation."  City of San Jose v. Superior Court, 525 P.2d 701, 706 (1974).  Thus, in pleading a state law claim, plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement.  State of California v. Superior Court (Bodde), 90 P.3d 116, 119 (2004).  Failure to demonstrate compliance constitutes a failure to state a cause of action and will result in the dismissal of Plaintiff's state law claims.  Id.

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed October 1, 2013;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   November 27, 2013          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

9