UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE L. CORONA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT CRABTREE, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:13-cv-01581-LJO-MJS<br><br>ORDER RECOMMENDING DISMISSAL WITH PREJUDICE<br><br>(ECF NO. 10)<br><br>PLAINITFF'S OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

## SCREENING ORDER

**I.      PROCEDURAL HISTORY**

Plaintiff Jorge L. Corona, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 1, 2013. (ECF No. 1.)  On December 2, 2013, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim.  (ECF No. 7.)  Plaintiff's First Amended Complaint (ECF No. 10) is now before the Court for screening.

**II.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

1  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has
2  raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which
3  relief may be granted, or that seek monetary relief from a defendant who is immune from
4  such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion
5  thereof, that may have been paid, the court shall dismiss the case at any time if the court
6  determines that . . . the action or appeal . . . fails to state a claim upon which relief may
7  be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III.  SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint identifies the following Defendants: (1) Robert Crabtree, Engineer, Avenal State Prison (Avenal); (2) Ray Knight, Engineer, Avenal; (3) M. Boparai, Chief Physician & Surgeon, Avenal; (4) Robert Chapnick, M.D., Chief Medical Executive & Chief Executive Officer, Avenal; and (5) L.D. Zamora, Chief, Health Care Services Office, and (6) A. Kaleka, M.D.

Plaintiff alleges the following:

On March 5, 2012 Defendant Knight directed Plaintiff and another inmate to follow him and assist Defendant Crabtree with a leaking hot water line.  Plaintiff had assisted Defendants Knight and Crabtree repair the line earlier that day.  The valves had not been turned off after the leak was discovered as they should have been.  (Compl. at 4.)  Steam was rising from the work site and the leak was discharging extremely hot water underground.  (Id. at 4, 5.)

Defendant Crabtree ordered the work detail - himself, Plaintiff, and another inmate - to approach the leak on foot and inspect it.  Upon review of the leak a supervisor

2

determined that a water pump was necessary. Plaintiff and the others began walking away from the leak area to retrieve a pump when the ground collapsed underneath Plaintiff and he sank into an underground pool of scalding water. The water filled Plaintiff's boots and scaled his skin; neither Defendant Crabtree nor the other inmate tried to help. Plaintiff removed himself from the pool and was taken to a hospital.

Plaintiff was never made aware of the risk associated with underground hot water lines nor was he provided hazard training. Defendants Knight and Crabtree deviated from relevant accepted standard of reasonableness by failing to warn him of, or prepare him to meet, such risks and hazards. (Id. at 5.)

The incident caused third degree burns on Plaintiff's left leg from his foot to above the knee and on his right leg from the knee down. Plaintiff received skin graft treatment and requires a cane for walking as his left leg has not recovered. He suffers heat flashes, pain, soreness, and psychological trauma.

On April 24, 2012, Defendant Kaleka rescinded Plaintiff's follow-up appointment with a burn specialist. Plaintiff appealed the decision to discontinue the burn specialist's care. The first level response, signed by Defendant Boparai, reported that Plaintiff had been examined by a Nurse Practitioner who was satisfied with the progress of Plaintiff's injury and who had concluded that a burn specialist was not necessary. Defendant Boparai denied Plaintiff's appeal on the basis of this medical opinion. (Id. at 14, 15.) Defendant Chapnick reviewed Plaintiff's appeal at the second level and affirmed Defendant Boparai's response. Plaintiff was examined a second time and again it was determined that a burn specialist was not warranted. (Id. at 12, 13.) Plaintiff's appeal was denied at the third level by Defendant Zamora based on the previous medical examinations. (Id. at 9-11.)

**IV.   ANALYSIS**

   **A.   Section 1983**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

**B.     Eighth Amendment**

1.     Failure to Protect

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis,

4

217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  Farmer, 511 U.S. at 847.

Plaintiff alleges that Defendant Knight and Crabtree are responsible for failing to turn off the hot water valve and failing to properly train Plaintiff to work in such dangerous conditions.  Plaintiff contends that their conduct deviated from accepted standards of reasonableness.

As the Court's previous screening order instructed, such facts alleging deviation from a standard of reasonable care, i.e., simple negligence, do not state a viable Eighth Amendment claim. Such a claim requires that Plaintiff allege facts demonstrating that each Defendant acted with deliberate indifference to a substantial risk of harm to Plaintiff.  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's allegations fall short of establishing that either Defendant acted with deliberate indifference.  The fact that Defendant Crabtree was walking in the danger zone with Plaintiff suggests he did not perceive any undue risk of harm.  Without facts showing that a Defendant was aware of the danger to Plaintiff, their failure to act more reasonably and safely suggests negligence, not deliberate indifference. Negligence alone does not give rise to a Constitutional claim.

Plaintiff has failed to state facts showing actual knowledge on the part of Defendants Knight and Crabtree and hence has failed to state an Eighth Amendment claim against them. The Court previously identified this pleading deficiency and provided the applicable legal standard. The facts alleged in the amended complaint are substantively similar to those put forth in the original complaint; the absence of additional facts is evidence they do not exist. No useful purpose would be served by once again advising Plaintiff of the deficiencies in his claim and the criteria for correcting them and giving him yet another opportunity to do that which he has twice before failed to do.

### 2. Inadequate Medical Care

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff alleges that he suffered third degree burns on his legs and, after a skin graft and various treatments, persistent debilitating symptoms. This adequately alleges a serious medical need and thus satisfies the first element of Plaintiff's Eighth Amendment medical treatment claim. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think

worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

The Complaint alleges that Defendant Kaleka discontinued Plaintiff's treatment with a burn specialist. Plaintiff appealed the decision and his request to see a specialist was denied again in three successive administrative reviews conducted by Defendants Boparai, Chapnick, and Zamora, respectively. Each Defendant noted that medical staff had examined Plaintiff and concluded that a referral to a burn specialist was not medically necessary.

Plaintiff's belief that he needed and needs to see a burn specialist is not sufficient to state an inadequate medical care claim. "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). Plaintiff fails to allege facts demonstrating why being denied a referral to a burn specialist was medically unacceptable. According to the administrative appeal responses signed by the Defendants, Plaintiff's injuries were healing well. Nothing provided in the amended complaint supports Plaintiff's conclusion that discontinuing the burn specialist's treatment was medically unacceptable. Plaintiff has therefore failed to state a claim.

The Court previously notified Plaintiff of the shortcomings in this aspect of his claim and provided the legal standard necessary for a cognizable medical care claim. It was to no avail. For the same reasons as noted in connection with the failure to protect claim above, further leave to amend would be unproductively repetitive and should be denied.

7

## V. CONCLUSION AND RECOMMENDATION

Plaintiff's First Amended Complaint does not state a cognizable claim against the named Defendants. Accordingly, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 3, 2014            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE